UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | | |
|---|---|---|
| In re: | : | Case No.:   18-30731 (AMN) |
|     KENNETH R. MAGDA | : | Chapter No.: 13 |
|     *Debtor* | : | |
| | : | |
|     TOWN OF BEACON FALLS, | : | |
|     *Movant* | : | |
| v. | : | |
|     KENNETH R. MAGDA, | : | |
|     *Debtor* | : | |
| | : | Re:  ECF No. 13 |

**MEMORANDUM OF DECISION AND ORDER DETERMINING THAT ON THE PETITION DATE A TAX SALE PURCHASER HELD TITLE TO REAL PROPERTY AND THE DEBTOR HELD A MERE RIGHT TO REDEEM THE PROPERTY**

Before the Court is the Town of Beacon Falls' (the "Town") Motion for Relief from the Automatic Stay (the "Motion")(ECF No. 13), seeking authority to record a tax deed and exercise its other rights under non-bankruptcy law.[1]  For the reasons that follow, I conclude that the debtor's ability to redeem the real property was extended by sixty (60) days by operation of 11 U.S.C. § 108(b),[2] but because the debtor failed to redeem the property during that time the Motion must be granted.  This Memorandum of Decision will enter simultaneously with a decision in another, in case number 18-30762 (*In re: Suzanne M. Christiano*), as the legal question presented is the same.

---

[1] The Town is also involved in a case with similar facts involving another debtor, Suzanne M. Christano (Case No. 18-30762), in which the Town is also seeking relief from the automatic stay to record the unrecorded tax deed.  The only difference is that in the Christano case, the winning bidder was the Town rather than an individual.  The Court will incorporate the legal reasoning as set forth in Suzanne M. Christano to rule in this case.

[2] Unless otherwise noted, all statutory citations refer to the Bankruptcy Code, Title 11, United States Code.

Kenneth R. Magda ("Debtor") filed a voluntary Chapter 13 bankruptcy petition on May 3, 2018 (the "Petition Date"). The Debtor formerly owned real property located at 11 Fairfield Place, Beacon Falls, Connecticut (the "Property"). The Debtor failed to pay the real property taxes associated with the Property, and the Town conducted an auction of the Property on November 9, 2017, after notice pursuant to state statute, Conn. Gen. Stat. § 12-157. There was a successful bidder (the "Tax Purchaser") for $26,000.00, which was sufficient to pay the taxes, interest, and other charges due. Under Connecticut law, a property owner and taxpayer has a period of six months to redeem property auctioned pursuant to Conn. Gen. Stat. § 12-157. Here, the Debtor's six-month redemption period would have expired on May 9, 2018, but the commencement of this case on May 3, 2018, intervened. The Debtor listed the Property in his bankruptcy schedules as real property that he owned, but he did not attempt to pay the Redemption Amount within sixty (60) days after the Petition Date.

The Debtor filed a Chapter 13 plan (ECF No. 9)(the "Plan") proposing to pay the Chapter 13 Trustee $784.00 per month for sixty (60) months towards his debts, including a secured claim of $26,000.00 at 18.00% interest to the Tax Sale Purchaser. The Debtor essentially seeks to recover his title to the Property through a Chapter 13 plan by making periodic payments of the value of the Property over a five (5) year period, thereby curing his real property tax delinquency pursuant to § 1322(b)(3).

The Town now seeks authority to complete the statutory tax sale process by recording the Tax Deed on the Town's land records. The Tax Purchaser did not file a proof of claim and has not appeared in this case.

The Town also objected to confirmation of the Chapter 13 Plan, arguing the Debtor's right to redeem the Property expired sixty (60) days from the Petition Date that due to operation of § 108(b).

For the reasons more fully set forth in my Memorandum of Decision in the *Christiano* case that will enter simultaneously with this Memorandum of Decision, and which I incorporate here, I conclude that the Debtor held a mere right of redemption on the Petition Date, rather than a fee interest in the Property subject to a tax lien.  As I explain in the *Christiano* Memorandum of Decision, the right of redemption arising from a tax sale pursuant to Conn. Gen. Stat. § 12-157 cannot be modified pursuant to 11 U.S.C. § 1322.  Because the Debtor did not redeem the Property during the sixty (60) day period provided by 11 U.S.C. § 108(b), the Motion will be granted pursuant to 11 U.S.C. §§ 362(a)(1) and 362 (a)(2).

A separate order granting the Motion will enter.

Dated on August 2, 2019, at New Haven, Connecticut.



Ann M. Nevins
United States Bankruptcy Judge
District of Connecticut